UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARDOQUEO SANCHEZ-GONZALEZ, | § § § § | |
| Plaintiff, | § § | Case No.: |
| v. | § § | |
| WOODVILLE PELLETS, LLC | § § | TRIAL BY JURY DEMANDED |
| Defendant. | § § § | |

**ORIGINAL COMPLAINT**

COMES NOW, Plaintiff MARDOQUEO SANCHEZ-GONZALEZ, through his undersigned counsel, and files this Complaint under 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and states:

**INTRODUCTION**

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains of discrimination on the basis of race and national origin, Mexican and Hispanic under Title VII and under Section 1981.

3. This action seeks compensatory damages, plus lost wages (past, present, and future), punitive damages, attorney's fees, taxable court costs, pre-judgment and post-judgment interest.

**PARTIES**

4. Plaintiff, Mardoqueo Sanchez-Gonzalez, is a resident of Jasper, Texas.

5. Defendant, Woodville Pellets, LLC is a limited liability company organized under the laws of the State of Delaware, and service is authorized on its registered agent: The Corporation Trust

1

Company, located at 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136. The facts stated in this complaint occurred at the Woodville Pellets manufacturing facility located in 164 County Road 1040, Woodville, TX 75979.

## VENUE

6. Venue is appropriate in the United States District Court for the Southern District of Texas in under 42 U.S.C. § 2000e-5(f)(3), as a Title VII action may be brought in any judicial district in the State in which the unlawful employment practice occurred.

## JURISDICTION

7. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331, as it involves federal question jurisdiction.

## PROCEDURAL REQUISITES

8. All conditions precedent to the filing of this action have been met by Plaintiff. Additionally, Plaintiff filed a timely complaint with the Texas Workforce Commission ("TWC") and Equal Employment Opportunity Commission ("EEOC"), received a Notice of Right to Sue Letter from the EEOC, and files this lawsuit within the statutory period.

9. Plaintiff filed a Charge of Discrimination against Woodville Pellets on June 16, 2020, within 300 days of the last discriminatory act.

10. On February 3, 2021, the EEOC mailed Plaintiff a Notice of Right to Sue Letter, entitling him to file a suit on his claim of discrimination based on his national origin, Mexic.

11. This lawsuit has been filed within the ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue letter from the EEOC.

## FACTS

12.     Plaintiff was born in Mexico. Plaintiff has a light brown skin coloring typical of Mexican descent. Plaintiff speaks very little English.

13.     Plaintiff is a former employee of Woodville Pellets, LLC. who began work there in 2016.

14.     Defendant, Woodville Pellets LLC, is a pellet manufacturer located in Woodville, Texas. Defendant employs over fifteen employees.

15.     Plaintiff started working at Defendant as part of the cleaning crew. Plaintiff's title was clean-up, also commonly known as a janitor.

16.     Among the workers in the cleaning crew, Plaintiff was the only Mexican and the only Hispanic. Furthermore, Plaintiff was the only one who did not speak fluent English. The rest of the cleaning crew were Americans.

17.     Because of his race and national origin, Mexican, Plaintiff was denied salary increases and promotional advances on several occasions.

18.      In January 2019, all janitors working at the Defendant received a $1.00 increase in their wages, except Plaintiff.

19.     In February 2019, Plaintiff started doing the work of a woodchipper operator without a "title." Plaintiff's supervisor, Mr. Beltran, promised Plaintiff the title of woodchipper operator in May 2019. However, although Plaintiff was doing exclusively the operator job starting on August 2019, he was never promoted officially to "operator," and never received the salary increase that goes with that title.

20.     In August 2019, Mr. Beltran got agitated with Plaintiff because of his Plaintiff's race and national origin and started to yell at Plaintiff in front of Plaintiff's co-workers. Mr. Beltran shouted

that Plaintiff's language barrier was the problem. Plaintiff became visibly upset and cried at work and at home because of the discrimination he was being subjected due to his race, English skills, and national origin.

21. After this dispute, there was a meeting with all general managers, but nothing was resolved. Plaintiff continued working exclusively on the woodchipper as an operator (no longer working as a janitor) without a formal title and with the same salary as he had previously received while he was doing the job of a janitor.

22. Around November 2019, all the white, Americans operators received a $5 increase in their salary. However, again, Plaintiff was the only one not to receive such a salary increase. All other operators were white, Americans. On two different occasions, Plaintiff asked Mr. Beltran why he was not receiving a salary increase, nor the monthly production compensation package like the white, American operators. Mr. Beltran told Plaintiff that he had already spoken to the Plant Manager and Human Resources and because Plaintiff did not have an "operator" title, he was not receiving a salary increase nor a monthly production compensation package.

23. Mr. Beltran had promised Plaintiff the job of one of the big woodchipper machines, but again, this promotion was passed to a white, American who was promoted from the cleaning crew that Plaintiff had belonged to. The only difference between the employee who was able to get the promotion and Plaintiff was that this employee was American, and that Plaintiff was Mexican and had a darker skin.

24. Plaintiff was aware of the racist remarks that Mr. Beltran expressed to others about Plaintiff, like "wetback, pinche pinto, and that Plaintiff should go back to Mexico."

## COUNT I:
**RACE AND NATIONAL ORIGIN DISCRIMINATION UNDER 42 U.S.C. §2000**
**Disparate Treatment Discrimination**

25. Plaintiff incorporates each of the facts alleged in Paragraphs 1 through 24 herein.

26. At all times relevant, Plaintiff's job performance was always satisfactory or better.

27. This is an action for damages arising out of discrimination in employment based on race, national origin, or both.

28. Defendant, by and through its agents and employees, as alleged herein, discriminated against Plaintiff based on his race and national origin by denying Plaintiff promotions and fair compensation for the work he properly performed on several occasions; by shouting at Plaintiff because of Plaintiff's race and national origin in front of his co-workers; denying Plaintiff a position that went to a white American who was not similarly qualified; refusing to address and correct Plaintiff's complaints regarding unfair compensation; and constructively discharging Plaintiff.

## Hostile Environment

29. Plaintiff incorporates each of the facts alleged in Paragraphs 1 through 24 herein.

30. At all times relevant, Plaintiff's job performance was always satisfactory or better.

31. This is an action for damages arising out of harassment in employment stemming from race, national origin, or both.

32. Defendant has an obligation under the law to assure an environment free from harassment on the basis of race or national origin.

33. Defendant, by and through its supervisors and managers, as alleged herein, knowingly created, and maintained a hostile work environment on the basis of race and national origin and failed to take remedial action.

34. Defendant fostered a hostile work environment by denying Plaintiff salary increases in several occasions; denying Plaintiff promotions; by shouting at Plaintiff that his language barrier

was Plaintiff's problem; and by making explicit racist remarks about Plaintiff like " wetback," "pinche put*," and that Plaintiff "should go back to Mexico."

## Constructive Discharge

35. Plaintiff incorporates each of the facts alleged in Paragraphs 1 through 24 herein.

36. Defendant constructively discharged Defendant in December 2019 when a reasonable person in Plaintiff's position would have felt compelled to resign due to the discriminatory and hostile environment as extensively described above.

37. Defendant discriminatory and hostile actions against Plaintiff on the basis of Plaintiff's race and national origin were frequent and severe because since January 2019 Plaintiff was denied several salary increases, promotions to promised positions, compensations packages, was shouted at that his language barrier was the problem, and was called "wetback, pincho put*" and that Plaintiff " should go back to Mexico" to Plaintiff's coworkers.

## COUNT II:
## RACE/NATIONAL ORIGIN DISCRIMINATION UNDER 42 U.S.C. §1981

38. Plaintiff incorporates the allegations made in Paragraphs 1 through 24 herein.

39. Defendant, by and through its agents and employees, particularly Mr. Beltran as Foreman and supervisor, engaged in the aforementioned practices, policies, and customs in violations of 42 U.S.C. §1981.

40. Had Plaintiff been of a different skin tone, ethnicity, culture, region, and ancestry, or had a different place of birth, he would not have been subjected to an intentional and hostile work environment which was so severe and pervasive that it caused Plaintiff to be resign.

41. Had Plaintiff being a white American, he would have been given all promotional opportunities, salary increases, bonuses and recognition and Plaintiff would not have been constructively discharged.

42. By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as are enjoyed by white individuals to the performance, enjoyment and all benefits and privileges, of his contractual relationship with Defendant, in violation of 42 U.S.C. §1981.

43. As a direct, legal and proximate result of this discrimination, Plaintiff has sustained economic injuries, resulting in damages in an amount to be proven at trial.

## DAMAGES

44. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered punitive damages, as well as compensatory damages, including but not limited to emotional distress and breach of contract.

## EXEMPLARY DAMAGES

45. Defendant's actions were intentional, willful, harsh, oppressive, reckless and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

## ATTORNEY'S FEES

46. Defendant's actions and conduct, as described herein, and the resulting damage and loss to Plaintiff, has necessitated Plaintiff to retain the services of COANE and ASSOCIATES, PLLC., in order to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY TRIAL DEMANDED

47. Plaintiff demands a trial by jury for all issues so triable.

## PRAYER

48. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

    a. Back Pay;

    b. Pre-Judgment Interest on Back Pay;

    c. Front Pay;

    d. Compensatory Damages, including, but not limited to, emotional distress;

    e. Injunctive and Affirmative Relief;

    f. Attorney's Fees and Costs;

    g. Reinstatement;

    h. Post-Judgment Interest;

    i. Such other and further relief, at law or in equity, general or special to which Plaintiff may show he is justly entitled.

Respectfully submitted,

Dated: April 29, 2021

**COANE AND ASSOCIATES, PLLC**

By: /s/Bruce A. Coane
Bruce A. Coane, Attorney-in-Charge
S.D. Tex. # 7205
TX Bar # 04423600
Email: bruce.coane@gmail.com
Matthew P. Swiger
S.D. Tex. #2276929
TX Bar # 24088495
Email: matt.swiger@coane.com
Coane and Associates, PLLC
5177 Richmond Ave., Suite 770

Houston, TX 77056
Telephone: 713-850-0066
Facsimile: 713-850-8528
**ATTORNEYS FOR PLAINTIFF**